RECEIVED
AND FILED

2010 SEP -2 PM 1:48

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

FILED

AUG 31 2010

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No.   NV-09-1273 |
| | ) | |
| HOWARD ALLEN SCOTT and GAYLE ANN SCOTT, | ) | Bk. No.   09-16141-BAM |
| | ) | 9-33 |
| Debtors. | ) | |
| ————————————— | ) | |
| | ) | |
| HOWARD ALLEN SCOTT; GAYLE ANN SCOTT, | ) | |
| | ) | |
| Appellant, | ) | |
| v. | ) | **ORDER RE PUBLICATION** |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Appellee. | ) | |
| ————————————— | ) | |

Before:  DUNN, HOLLOWELL and PAPPAS, Bankruptcy Judges.

The Panel filed an unpublished memorandum decision in this appeal on June 21, 2010.

After further consideration, the Panel has decided to redesignate the memorandum of decision as an opinion for publication.

Therefore, the disposition in this appeal is hereby ORDERED PUBLISHED.  (A copy of the Opinion is attached to this order.)

FILED

**ORDERED PUBLISHED**

JUN 21 2010

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

### UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.  NV-09-1273-DHPa |
| HOWARD ALLEN SCOTT and GAYLE ANN SCOTT, | Bk. No.  09-16141-BAM |
| Debtors. | |
| HOWARD ALLEN SCOTT; GAYLE ANN SCOTT, | |
| Appellants, | |
| v. | **O P I N I O N** |
| UNITED STATES, | |
| Appellee. | |

Argued and Submitted on June 16, 2010
at Reno, Nevada

Filed – June 21, 2010

Appeal from the United States Bankruptcy Court
for the District of Nevada

Hon. Bruce A. Markell, Bankruptcy Judge, Presiding

———————————————————

Before:  DUNN, HOLLOWELL and PAPPAS, Bankruptcy Judges.

1 DUNN, Bankruptcy Judge:

2

3      Pro se debtors, Howard and Gayle Scott, appeal the
4 bankruptcy court's order denying their motion for an order
5 requiring the Internal Revenue Service ("IRS") to remove its tax
6 liens from their residence and to refund alleged overpayments of
7 income taxes.  The United States contends that the bankruptcy
8 court did not have jurisdiction to rule on the motion because the
9 debtors did not properly serve the motion on the United States
10 pursuant to Rule 7004(b)(5).[1]

11      Based on our review of the record, the debtors failed to
12 serve the United States properly.  The bankruptcy court therefore
13 lacked jurisdiction to determine the merits of the motion.  We
14 VACATE the bankruptcy court's order and REMAND for further
15 proceedings.

16

17                            **FACTS**

18      The debtors filed their chapter 7 petition on April 22,
19 2009.  They listed on their Schedule E three tax liens totaling
20 approximately $19,651,[2] all of which were held by the IRS.

21

22

23      [1] Unless otherwise indicated, all chapter, section and rule
references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and
24 to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

25      [2] The debtors attached to the motion copies of the notices
of federal tax liens ("tax lien notices").  According to the tax
26 lien notices, the debtors owed a total of $7,533.46 in federal
income taxes for years 1999 and 2000, a total of $10,618.51 in
27 federal income taxes for years 2001 and 2002, a $500 penalty for
year 2003, and $1,000 in penalties for years 2004 and 2005.
28

1     On April 28, 2009, the debtors filed a "Motion for Judicial
2  Abatement of Tax Refunds" ("motion") requesting that the
3  bankruptcy court order the IRS to remove the tax liens from their
4  residence and to refund alleged overpayments of income taxes.

5     The debtors contended that the IRS could not place tax liens
6  against their residence because they were not liable to pay
7  income taxes, as they had no taxable income.  The debtors
8  reported $0 income on their federal income tax returns for years
9  1999 through 2003 because their earnings allegedly did not
10  qualify as income as defined by the Supreme Court in <u>Merchants'</u>
11  <u>Loan & Trust Co. v. Smietanka</u>, 255 U.S. 509 (1921).

12     The debtors further claimed that they were not liable to pay
13  income taxes on the basis that nothing in the Internal Revenue
14  Code ("I.R.C.") specifically states that an individual's wages or
15  earnings are taxable.

16     The debtors also contended that they "overpaid" the IRS
17  $19,598.85 in income taxes.[3]  The debtors asserted that income
18  taxes could not be owed until the IRS made an assessment and
19  demanded payment.  Because the IRS did not make an assessment and
20  demand payment of the income taxes from the debtors, the debtors
21  argue that they did not owe income taxes.  The debtors
22  nonetheless paid a total of $19,598.85 in income taxes through
23  withholdings of their wages in the years 1999 to 2003.  They
24  further maintained that the amounts withheld were an

25

26     [3] The debtors apparently calculated the amount of the
27  alleged overpayments using the amounts of federal income taxes
   withheld from their wages in the years 1999 to 2003, as shown in
28  their federal income tax returns.

3

"unapportioned, direct tax" in violation of the Constitution.
The debtors therefore argued that, because they paid the taxes
before they owed them, the IRS immediately should refund the
amounts paid so that the debtors could use the funds to pay their
creditors.

The hearing on the motion originally was set for June 2,
2009.  The debtors mailed a copy of the motion to the IRS,
addressed as follows: Internal Revenue Service, Fresno, CA 93888-
0001.

The bankruptcy court subsequently entered an order
continuing the hearing to July 14, 2009 ("continuance order").
The bankruptcy court determined that the debtors did not properly
serve the motion on the IRS, so it continued the hearing to allow
the debtors time to effect proper service.  On the same day as
the entry of the continuance order, the debtors mailed a copy of
the motion to the IRS at the following address: P.O. Box 21126,
DPN 781, Philadelphia, PA 19114.

The IRS neither responded to the motion nor appeared at the
hearing.  At the hearing, the bankruptcy court denied the motion,
informing the debtors that their contentions ran contrary to
established Ninth Circuit authority.  The bankruptcy court
entered its order denying the motion on August 5, 2009.  The
debtors timely appealed.[4]

_____

[4] The debtors filed their notice of appeal on August 21,
2009, beyond the ten-day time period provided at that time under
Rule 8002(a).  The clerk of the BAP issued a notice of deficient
appeal on August 28, 2009.  In their response filed September 29,
2009, the debtors explained that they tried to file their notice
(continued...)

4

1

## ISSUE

2    Did the bankruptcy court have jurisdiction to rule on the

3 motion?

4

## STANDARD OF REVIEW

6    We review de novo questions of jurisdiction.  <u>Piombo Corp.</u>

7 <u>v. Castlerock Props. (In re Castlerock Props.)</u>, 781 F.2d 159, 161

8 (9th Cir. 1986).

9

## JURISDICTION

11    The United States claims that the bankruptcy court lacked

12 jurisdiction to decide the merits of the motion because the

13 debtors did not properly serve the motion on the United States.

14 Based on the record before us, we agree.

15    A bankruptcy court lacks jurisdiction over a defendant if

16

17

18

19    [4](...continued)

20 of appeal on July 24, 2009, but a clerk at the bankruptcy court
informed the debtors that they could not file their notice of

21 appeal until after the bankruptcy court entered the order to

22 which it related.  The BAP issued an order of limited remand
("remand order") to allow the bankruptcy court to determine

23 whether it announced its decision at the July 14, 2009 hearing or

24 at any time before July 24, 2009.
      On November 12, 2009, the bankruptcy court issued findings

25 of fact pursuant to the BAP's remand order, determining that it
announced its ruling at the July 14, 2009 hearing, and that the

26 debtors indeed tried to file their notice of appeal on July 24,

27 2009.
      On December 30, 2009, the BAP issued an order deeming that

28 the debtors timely filed their notice of appeal on July 24, 2009.

1  the defendant was not served properly under Rule 7004.[5]  <u>See</u>
2  <u>United States v. Levoy (In re Levoy)</u>, 182 B.R. 827, 832 (9th Cir.
3  BAP 1995); <u>Harlow v. Palouse Producers, Inc. (In re Harlow</u>
4  <u>Props., Inc.)</u>, 56 B.R. 794, 799 (9th Cir. BAP 1985); <u>see also</u>
5  <u>Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.</u>,
6  840 F.2d 685, 688 (9th Cir. 1988) (applying Fed. R. Civ. P. 4).
7  Rule 7004 applies in contested matters.[6]  <u>See</u> Rule 9014(b).

8      Rule 7004(b)(5) governs service of a motion on an agency of
9  the United States.  Under Rule 7004(b)(5), the movant must serve
10  the motion by mailing it addressed to: (1) the civil process
11  clerk at the office of the U.S. attorney for the district in
12  which the action is brought; (2) the U.S. Attorney General in
13  Washington, D.C.; and (3) the agency.

14      As required under the continuance order, the debtors re-
15  served the motion on the IRS at P.O. Box 21126, DPN 781,
16  Philadelphia, PA 19114, the address designated by the IRS under
17  Rule 5003(e).[7]  The debtors did not serve the motion on the U.S.

18

---

19      [5] Rule 7004 adopts in large part the procedural requirements
20  for service of process set forth in Rule 4 of the Federal Rules
    of Civil Procedure.  10 <u>Collier on Bankruptcy</u> ¶ 7004.01 (Alan N.
21  Resnick & Henry J. Sommer, eds., 15th ed. rev. 2009).

22      [6] Where there is an actual dispute, other than an adversary
    proceeding, the litigation to resolve that dispute constitutes a
23  contested matter.  <u>See</u> 1983 Advisory Committee Note to Rule 9014.
24  As the United States correctly points out, the debtors' motion is
    a contested matter within the meaning of Rule 9014(a).

25

26      [7] Rule 5003(e) provides that an agency of the United States,
    such as the IRS, may file a statement designating its mailing
27  address for service of requests under § 505(b).  Rule 5003(e)
    further provides that the clerk of the bankruptcy court must keep
28                                                      (continued...)

1  attorney for the District of Nevada or on the U.S. Attorney
2  General.  Because the debtors did not effect proper service on
3  the United States under Rule 7004(b)(5), the bankruptcy court did
4  not have jurisdiction to decide the motion.

5      Moreover, the IRS is not the real party in interest to the
6  motion.[8]  "It is a well-settled principle that the IRS cannot be
7  sued and that the proper party in actions involving federal taxes
8  is the United States of America."  Levoy, 182 B.R. at 832 (citing
9  Blackmar v. Guerre, 342 U.S. 512, 514 (1952)).  The debtors thus
10 not only failed to serve the United States correctly under Rule
11 7004(b)(5), but they also failed to name the proper party to the
12 motion.  Because the IRS was not the proper party for the debtors
13 to litigate the motion against, the bankruptcy court lacked
14 jurisdiction to determine the merits of the motion.

15

16     [7](...continued)
   a register that lists such mailing addresses.  The debtors mailed
17 the motion to the IRS at the same address listed on the register
   maintained by the clerk of the United States Bankruptcy Court for
18 the District of Nevada.
       A leading commentator on bankruptcy notes that sending
19 notice to governmental entities should not be confused with
   proper service of process, however.  9 Collier on Bankruptcy
20 ¶ 5003.06[1] (Alan N. Resnick & Henry J. Sommer, eds., 15th ed.
21 rev. 2009).  The commentator points out that Rule 5003(e)
22 "specifically references 'notice' and does not mention service."
   Id.  It stresses that Federal Rule of Civil Procedure 4(i), made
23 applicable to bankruptcy proceedings by Rule 7004, governs
24 service of process on a United States agency.  Id.

25     [8] The IRS did not file a proof of claim in the debtors'
26 case.  Had it done so, the bankruptcy court would have had
   jurisdiction over the IRS.  "A creditor who offers proof of his
27 claim, and demands its allowance, subjects himself to the
   dominion of the court, and must abide the consequences."  Levoy,
28 182 B.R. at 832 (quotation marks and citation omitted).

**CONCLUSION**

The bankruptcy court did not have jurisdiction to determine the merits of the motion because the debtors did not serve the United States properly under Rule 7004(b)(5).  We therefore VACATE the bankruptcy court's order and REMAND for further proceedings.

8